FILED 20 FEB '14 14:43 USDC-ORE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MOISES SANCHEZ-LLAMAS,

          Petitioner,        6:11-v-01310-TC

        v.                FINDINGS AND
                         RECOMMENDATION

BRIAN BELLEQUE,

          Defendants.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections after convictions for Attempted Murder, Attempted Aggravated Murder, Assault in the First Degree, Unlawful Use of a Weapon, Burglary in the First Degree and Unlawful possession of a Short-barreled Shotgun. Exhibit 101. After a jury convicted petitioner of these crimes, the trial court imposed various concurrent and consecutive sentences totaling 246 months of imprisonment. Id.

1 - FINDINGS AND RECOMMENDATION

The Oregon Court of Appeals affirmed petitioner's convictions without opinion and the Oregon Supreme Court affirmed. The United States Supreme Court granted petitioner's petition for writ of certiorari and affirmed in a written opinion. Exhibits 203 - 218.

Petitioner filed a Formal Petition for Post-Conviction Relief, but the Umatilla County Circuit Court denied relief, the Oregon Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. Exhibits 239 - 244.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four grounds for relief. Subsequently, the Federal Public Defender was appointed to represent petitioner. Petitioner's appointed counsel filed a Brief in Support (#55) which argues only the claim alleged in Ground One of the petition. Therefore petitioner's claim alleged in Grounds Two, Three and Four are properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

Thus, the only claim before the court is as follows:

**Ground One**: Defendant's waiver of his Miranda

rights were not made voluntarily.

**Supporting facts**: The State did not prove that
defendant knowingly and voluntarily waived his
Miranda rights when he made statements to the
police of his unconstrained and free will.

Petition (#2) p. 6-7.

Respondent now moves to deny relief on petitioner's claim
on the ground that "[t]he decisions of the Oregon state courts
rejecting petitioner's claims on the merits were reasonable
and are entitled to deference." Respondent's Amended Response
(#29) p. 4.

The relevant facts are as follows: Petitioner was
indicted on various charges arising out of an incident in
which police responded to a 911 call and petitioner resisted
arrest. Petitioner shot at two police officers, wounding one
of them.

After being apprehended and arrested, petitioner was
taken to the Medford police station and interviewed a number
of times. The interviews all took place between the time
petitioner first arrived at the police station at 4:15 a.m.
and the time he was lodged in the jail at 2:30 p.m. During
the interviews, petitioner made a number of incriminating
statements.

Prior to trial, petitioner filed a motion to suppress
statements he made during a custodial interrogation, arguing

3 - FINDINGS AND RECOMMENDATION

*inter alia* that his waiver of *Miranda* was involuntary. The motion challenged not only the voluntariness of the waiver of *Miranda* rights "but also the voluntariness of the statement that was given." Transcript of State Court Proceedings (#33) Vol. I p. 13.   After a hearing, the court denied petitioner's motion, finding as follows:

> THE COURT: Okay.  Thank you. I do find that [petitioner] is not unlike many defendants that are interrogated, and the techniques used were not really different from whether it was an English-speaking or Spanish-speaking person.
>
> And I do find that he was advised of his rights pursuant to the Miranda decision, and based on the totality of the circumstances, I also find by clear and convincing evidence that [petitioner], understood those rights and he knowingly and voluntarily waived his right to remain silent and have an attorney present with him during questioning.
>
> I think it's, as in many cases, that the defendants feel that it is in their best interest to tell the police the story, and they want to get their version, give the police their version, and I think that's exactly what it is.  So the motion to suppress is denied.
>
> [PROSECUTOR]: And on the voluntariness issue, the Court's ruled that the statement was voluntary.
>
> [THE COURT]: I said that it is.  I find by clear and convincing evidence that it's knowing and voluntary; he waived his right to remain silent and have an attorney during questioning.
>
> [Prosecutor]: And you're addressing the waiver of the Miranda rights there, your Honor?  We also have the issue of whether the - - obviously, the Court's made it's mind up.  I'm just, as far as the record goes, you are saying that his statement in total was also voluntary?

[THE COURT]" Yes.

Transcript of State Court Proceeding (#33) Vol. I at 232-233.

As noted above, the Oregon Court of Appeals affirmed petitioner's convictions without opinion, *see*, State v. Sanchez-Llamas, 191 Or. App 399 (2004) and the Oregon Supreme Court declined to consider petitioner's *Miranda* claim on the merits. 388 Or. 267 at 269 (2005) [Exhibit 208 p. 2].   Thus the trial court's decision is the last reasoned decision by the Oregon State courts and forms the basis for this court's review.   *See*, Ylst v, Nunnemaker, 501 U.S. 797, 803-804 (1991); Franklin v. Johnson, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).

Respondent argues that the trial court determination that petitioner's waiver of *Miranda* and the statements he made thereafter were voluntary "was a reasonable application of *Miranda v. Arizona*, 384 U.S. 436 (1966) and United States Supreme Court precedent.  Moreover, the trial court's factual findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). Relief on this claim should therefore be denied."  Respondents Amended Response (#29) p. 7.

Petitioner argues that petitioner did not make a knowing, voluntary, and intelligent waiver of his *Miranda* rights and that his statements to police were not voluntary.  Petitioner further contends that the trial court's denial of the motion

to suppress petitioner's statements was unreasonable both in its factual findings and its legal conclusions.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our

6 - FINDINGS AND RECOMMENDATION

cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.   The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous.   The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error."  "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous.   We have held precisely the opposite:  Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller -el v. Cockrell, 537 U.S. 322, 340 (2003). Federal courts may not second guess a state court's finding of fact unless it determines that the state court was not merely wrong, but was actually unreasonable. Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004). Further, a state court factual determination is not unreasonable merely because the federal court may have reached a different conclusion in the first instance. Cullen v. Pinholster, 131 S.Ct. 1388, 1411 (2011).

The AEDPA thus sets out a "highly deferential standard

for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (*per curiam*), quoting <u>Lindh v. Murphey</u>, 521 U.S. 320, 333 n. 7 (1997).

Courts look to the totality of the circumstances to determine whether a confession is voluntary. <u>Withrow v. Williams</u>, 507 U.S. 680, 693 (1993). Those circumstances include police coercion, the length of the interrogation, its location, its continuity, and the defendant's maturity, education, physical condition, and mental health. *Id.* Issuance of valid *Miranda warnings is a particularly weighty factor.* "[C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of *Miranda* are rare." <u>Berkemer v. McCarty</u>, 468 U.S. 420, 433, n. 20 (1984). Voluntariness of a *Miranda* waiver requires the same analysis as voluntariness of statements. <u>State v. Warner</u>,284 Or. 147 (1978).

I find that the trial court finding that petitioner's waiver of *Miranda* rights and statements to the police were knowing and voluntary is reasonable in view of the evidence presented in the state court proceeding and is entitled to deference by this court.

Petitioner claims to have been "beaten" at the time of

his arrest. However, there was conflicting testimony regarding the amount of force used to subdue petitioner. The paramedics who initially examined petitioner testified that he had only very minor injuries and the doctor at the hospital did not find any serious injuries and released petitioner. The trial judge apparently believed the testimony that petitioner was not "beaten" and that his minor injuries did not affect his ability to make a knowing waiver or the voluntariness of his statements.

Petitioner's claim that language and cultural differences rendered his statements involuntary was also contradicted by testimony that he conversed and responded appropriately. In addition, petitioner was assisted by an interpreter.

Petitioner's claim that his waiver and subsequent statements were involuntary due to his drug and alcohol intoxication was also controverted by evidence that while he may have appeared "a little intoxicated" he was coherent and able to effectively communicate. During his interviews, petitioner repeatedly told investigators that he was not drunk and was even capable of driving. There was more than ample evidence for the trial judge to find that petitioner's intoxication was not so extreme as to affect his rational decision making process.

In summary, the record reflects that petitioner's

interrogation was not unduly harsh or coercive. The minor injuries petitioner sustained while resisting arrest were appropriately treated and his physical needs were reasonably accommodated - to the extent that he was allowed to lie down to rest when he complained of fatigue. There is no evidence that the officers made any threats or promises to petitioner or that his decision to waive *Miranda* rights was anything other than a free and uncoerced choice.

Petitioner argues that the trial court finding that petitioner made a knowing waiver of his Miranda rights is unreasonable in light of petitioner's contemporaneous explanation of his understanding of those rights.

Specifically, during his interrogation, petitioner was asked to describe his *Miranda* rights. Petitioner stated that they meant "it would be better if I told the truth and everything." Exhibit 203, p. 8. When asked if his statements were voluntary, petitioner stated that he told the officers "the whole truth" ... "because you told me, if I didn't ... I better tell you everything now." *Id.*, p. 11.

Petitioner argues that in light of those explanations, it was objectively unreasonable for the trial court to find that petitioner understood that he had the right to have an attorney present with him during questioning by the police.

Petitioner's argument in this regard, while it might

arguably persuade this court to take a different view of the voluntariness issue, does not establish that the state court's finding was objectively unreasonable in light of the other evidence that petitioner had lived in the United States for eleven years, was read his *Miranda* rights multiple times in both English and Spanish, generally understood the questions and commands presented t him, and was assisted by an interpreter. The trial court also heard testimony of police officers and medical professionals who interacted with petitioner and observed his ability to comprehend what was said to him.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should either party appeal, a certificate of appealability should be allowed.*

DATED this ___ day of February, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge